UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SARAH CORREA CARDENAS,

    Plaintiff,

v.

TAINOS ENTERPRISES INC. and
NICOLAS FUSTE,

    Defendants.

Case No. 6:23-cv-758-JA-RMN

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the parties' Renewed Motion for Approval of FLSA Settlement (Dkt. 31), filed October 23, 2023 ("Motion"). Upon consideration, I respectfully recommend the Motion be granted.

### I. BACKGROUND

On April 26, 2023, Plaintiff Sarah Correa Cardenas filed a Complaint against Defendants Tainos Enterprises Inc. and Nicolas Fuste alleging violations of the Fair Labor Standard Act ("FLSA"). Dkt. 1. Plaintiff alleges that she worked from October 2020 until March 2022 as a general manager for Defendants. *Id.* at ¶¶ 11–12. Plaintiff alleges that she regularly worked more than forty hours per week and Defendants did not pay her overtime wages for the hours worked in excess of forty hours per week. *Id.* at 17–19.

On August 17, 2023, the parties filed a Joint Motion for Approval of FLSA Settlement (Dkt. 24), which the Court denied because the Settlement Agreement contained a general release clause, a non-disparagement clause, and a confidential separation information clause without providing what additional consideration Plaintiff received for agreeing to each (Dkt. 28).

Recently, on October 23, 2023, the parties filed a Renewed Motion for Approval of FLSA Settlement. Dkt. 31. The parties inform the undersigned that they have addressed the issues discussed above and have negotiated a settlement of Plaintiff's claim. Under the terms of the settlement agreement, Plaintiff will receive, $7,910.00 for her alleged unpaid wages. Dkt. 31 at 7. Plaintiff's counsel will receive $4,550.00 for attorney's fees and $540.00 for costs. *Id.* at 3–4, 11. The parties ask the Court to approve the FLSA settlement agreement.

## II.  LEGAL STANDARD

An FLSA settlement may become final and enforceable only where the Secretary of Labor supervises the settlement or, where the employee brings a private action, by a stipulated judgment entered by the district court after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). To do this, a court considers:

(1)  the existence of fraud or collusion behind the settlement;
(2)  the complexity, expense, and likely duration of the litigation;

    (3)    the stage of the proceedings and the amount of discovery completed;
    (4)    the probability of [Plaintiff's] success on the merits;
    (5)    the range of possible recovery; and
    (6)    the opinions of . . . counsel[.]

*Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). Courts should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

Courts must also scrutinize settlements to determine if a plaintiff's FLSA claims will be compromised by the deduction of attorney's fees, costs, or expenses. *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009) (per curiam). When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery. A potential conflict can therefore arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs. It is the Court's responsibility to ensure that any such allocation is reasonable. *See id.* One

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

method of doing so is to use the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award. Alternatively, where the matter of attorney's fees is addressed by the parties "independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Id.* (emphasis added).

### III.  ANALYSIS

#### A.  The proposed settlement is fair and reasonable.

*Lynn's Food Stores* requires a court to determine whether a plaintiff's compromise of her claims is fair and reasonable. 679 F.2d at 1354-55. Plaintiff estimates that she is owed $12,383.00 for her FLSA claim. Dkt. 31 at 3.

Because Plaintiff is receiving less than the amount she claimed (Dkt. 31 at 7; Dkt. 31 at 12–13 ¶ 2(i)), she has compromised her FLSA claim.

The undersigned finds no fraud or collusion behind the settlement. The case involves disputed issues regarding FLSA liability, which constitutes a bona fide dispute. Dkt. 31 at 5. After receiving sufficient information to make informed decisions, the parties decided to settle their dispute. *Id.* at 7. The agreement was reached after negotiation by represented parties in good faith to resolve an uncertain case. *Id.* at 6–7. Considering the foregoing, and the strong presumption favoring settlement, even though Plaintiff compromised the amount of her original claim, the undersigned finds the settlement amount fair and reasonable. The undersigned therefore recommends finding the consideration being paid to Plaintiff to resolve her FLSA claim is fair and reasonable.

**B.     The revised release has sufficient detail to not render the proposed settlement unfair or unreasonable and the other problematic clauses have been removed.**

The revised Settlement Agreement contains a "Release Of FLSA Claims" clause in place of the previous general release. Dkt. 31 at 4–5; Dkt. 31 at 13 ¶ 3. "Courts in this District have approved FLSA settlements with general releases where the parties provide the Court with sufficient information." *Hathaway v. Hemp Hop, LLC*, No. 6:21-CV-649-RBD-GJK, 2022 WL 2305989, at *3 (M.D. Fla. Mar. 7, 2022), *report & recommendation adopted*, No. 6:21-CV-

649-RBD-GJK, 2022 WL 2305981 (M.D. Fla. Apr. 11, 2022). The revised release only applies to "any and all claims, demands, actions, suits, causes of action, obligations, damages and liabilities of any kind arising from any violation of the Fair Labor Standards Act, 29 U.S.C. § 203, et. al. ("FLSA") from the beginning of time to the date Employee signs this Agreement." Dkt. 31 at 13 ¶ 3. The revisions save the release from being a pervasive release that "introduces a troubling imponderable into the calculus of fairness and full compensation." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010). Plaintiff is not executing "a broad release effectively gambl[ing], [or] exchanging unknown rights for a few hundred or a few thousand dollars to which [s]he is otherwise unconditionally entitled." *Id.* Plaintiff retains the right to bring some claims against Defendant in the future. The "Release Of FLSA Claims" clause therefore has sufficient information to not render it a pervasive release and make the proposed settlement unfair or unreasonable.

Additionally, the parties have removed the non-disparagement and confidential separation information clauses from the revised Settlement Agreement. Dkt. 31 at 5. Thus, those clauses no longer impede the Settlement Agreement from being fair and reasonable.

### C. The award of attorney's fees and costs is reasonable.

Turning to the reasonableness of the attorney's fees and costs, in the amount of $5,090.00 in fees and costs that include the filing of this action and

service of process, the fee award appears reasonable under a lodestar analysis. Counsel represents that his billable rates are $400 an hour, Dkt. 31, which the undersigned finds is reasonable in view of the rates typically charged in this district for attorneys with similar experience. Counsel also represents that he has performed over sixteen (16) hours of work on this matter, Dkt. 31, which is not excessive in this case. Because the proposed award is significantly less than the lodestar amount, the $5,090.00 award in attorney's fees and costs is reasonable. The undersigned therefore recommends approving $4,550.00 in attorney's fees and $540.00 in costs.

## IV. CONCLUSION

Accordingly, I respectfully **RECOMMEND**:

1. The Renewed Motion for Approval of FLSA Settlement (Dkt. 31) be **GRANTED**;

2. This case be dismissed with prejudice; and

3. The Clerk be directed to terminate all pending motions and deadlines and close this case.

## NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served

with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Orlando, Florida, on October 27, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. John Antoon II

Counsel of Record